**No. 52266.**—Thos. French & Sons, Ltd. *v.* United States, petition 6573–R (New York).

Oliver, Presiding Judge: This is a petition for remission of additional duties filed pursuant to section 489, Tariff Act of 1930, which duties accrued by reason of the undervaluation on entry of certain cotton ladder web imported from England and entered at the port of New York. The merchandise before us was exported on August 31, 1944.

The president and general manager of the petitioning company who personally handled the involved transaction testified on behalf of the petitioner that upon the arrival of the shipment at bar he sent the consular invoice to his customs brokers instructing them to make entry. The record discloses that before making entry the importer, in August of 1944, submitted, through his brokers, the invoice covering this importation together with a submittal sheet (respondent's exhibit 8). The examiner had no other information and on September 12, 1944, wrote on the sheet "Enter as invoiced." Entry of the merchandise was made on September 25, 1944. The petitioner's witness further testified that subsequently, after appraisement of the merchandise, he was informed by his customs brokers that the appraiser had knowledge that the prices in England for this merchandise had been advanced. He stated that he then called upon the customs examiner about November 1944 and showed him a cable (exhibit 1), dated June 23, 1944, which he had previously received from the manufacturer reading as follows:

Regarding fivepenny increase yarn prices April seventeenth feel we must increase our prices to you five shillings end July before when we shall ship all possible stop Have you any comments stop.

There was also received in evidence a portion of a letter from the British exporter to the American importer, dated July 4, 1944 (respondent's exhibit 7–A), the pertinent paragraph of which reads as follows:.

*Future prices.* We have already explained that yarn here went up 5d. on April 17th. In order to help you we have held our old prices as long as possible, but feel that we cannot maintain any longer than the end of July. Following our exchange of cables on the subject, we gather that 5/–d. increase will prohibit further shipments. We are sorry about this for your sake, but it is obvious that we must apply the increase at some point. To be on the safe side we have cabled you again that while we will ship as much as possible before the end of the month, we presume that we must cancel the balance then outstanding.

The petitioner's witness stated that when his customs brokers notified him of the appraiser's request to obtain additional information he did not show them the cable (exhibit 1) nor inform them as to the contemplated July advance in price (R. 18, 41). The merchandise was appraised at the invoice price on October 10, 1944. The witness testified that subsequently he communicated by letter (petitioner's exhibit 5) with the exporter and received a reply (petitioner's exhibit 6) in which he was informed that the raise in price was authorized. It appears that the manufacturer had increased its price on August 18 before this shipment left England although a Government increase on this particular type of merchandise did not go into effect until November 1944. The collector subsequently appealed to reappraisement at which time, in accordance with a stipulation entered into between the parties, the merchandise was held dutiable on the basis of the higher English value.

The examiner who passed on the merchandise at bar testified that prior to entry he received no information from any source relative to any other prices which were higher than those contained in the sheet (exhibit 8) submitted to him. He stated that at the time the cable (petitioner's exhibit 1) relative to the advance in price

was exhibited to him the importer did not show him any letter to the exporter in reply to that cable, or any reply from the exporter to any letter from the importer.

We are of the opinion that the circumstances under which the entry of the merchandise before us was made do not warrant the granting of relief to the petitioner. Despite the fact that the petitioner's witness testified that he knew of his duty to disclose to the appraiser any information affecting prices relative to the involved importation (R. 33), he failed to inform his broker about the cable (exhibit 1) or the letter (exhibit 7–A) from the exporter regarding a contemplated increase in price. The petitioner's witness explained that he did not regard the cable dated June 23, 1944, as a virtual notification of a price increase because of his belief that the manufacturer would be unable to increase his prices without permission of the British Government. He admitted, however, that there was nothing contained in the June cablegram from the manufacturer concerning any governmental regulations or the impossibility of securing the suggested advance (R. 19). The petitioner was apprised of the contemplated advance in price and was required to ascertain the correct dutiable value of this merchandise at the time of entry and convey to the appraiser any and all information in its possession regarding the purchase price of such goods. This information regarding a contemplated raise in price put the importer on inquiry to do more than rely on the invoice unit values or on what information the examiner himself had as to the dutiable value of the merchandise. (*Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250.) Further, although the petitioner's representative showed the examiner the cable at the time of his visit, he failed to show that officer the letter which definitely informed the importer that the increase was necessary and that the old prices could not be maintained "any longer than the end of July." The failure of the petitioner to disclose to the appraiser at the time of entry information in its possession bearing on the dutiable value of the merchandise is not such a complete and candid disclosure of the facts surrounding this shipment which the statute requires and precludes the remission of additional duties. The petition is denied.